COLÓN, DEMANDANTE Y APELANTE, *v.* PÉREZ, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre indemnización.

No. 1985.—Resuelto en julio 22, 1919.

DAÑOS Y PERJUICIOS—ANIMALES—FUERZA MAYOR.—Ni por el artículo 1804 ni por el 1806 del Código Civil tiene responsabilidad el dueño de un animal de los daños que éste causa mientras se halla en poder de otra persona que no es empleada del dueño y que toma el animal sin consentimiento de éste, quien no pudo preveer ni evitar este acto, por ser este caso igual al de fuerza mayor.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. A. Nazario Lugo* y *Pascasio Fajardo.*

Abogados del apelado: *Sres. Angel A. Vázquez* y *R. Ramírez.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Habiendo sido arrollada y estropeada la demandante y apelante por un caballo que montaba Julio Lacourt dirigió su acción para recobrar daños contra Maximino Pérez dueño del caballo alegando que permitió negligente y descuidadamente que su empleado Julio Lacourt montara ese caballo.

En el juicio se probó que el apelado tenía empleado a Julio Lacourt para vender hielo en un carrito de mano so-

lamente, que no tenía que usar caballos para su único tra-
bajo que tenía en comisión mediante un tanto por ciento del
producto de la venta, que el demandado y su empleado de
cuadra nunca autorizaron al Julio Lacourt para coger los
caballos de la cuadra ni utilizarlos, sino que por el contrario
le estaba expresamente prohibido y que en la tarde en que
ocurrió el accidente a la apelante y en momentos en que
dormían el apelado y su pesebrero, tomó Julio Lacourt un
caballo de la cuadra y montado en él atropelló a la apelante.

La corte inferior dictó sentencia declarando sin lugar la
demanda y en este recurso discuten las partes si el precepto
legal en que se funda la demanda es el artículo 1804 o el
1806 ambos del Código Civil Revisado, dispositivo el pri-
mero de que la obligación de indemnizar el daño causado
por acción u omisión, interviniendo culpa o negligencia, es
exigible también por los actos u omisiones de aquellas per-
sonas de quienes se debe responder; y el segundo, de que
el poseedor de un animal, o el que se sirve de él, es res-
ponsable de los perjuicios que causare, aunque se le escape
o extravíe, responsabilidad que sólo cesará en el caso de
que el daño proviniera de fuerza mayor o de culpa del que
lo hubiere sufrido.

Bajo ninguno de esos dos preceptos puede ser revocada
la sentencia apelada porque si la apelante funda su derecho
en el artículo 1806 como sostiene en su alegato, lo que no
parece estar de acuerdo con las alegaciones de su demanda,
no tiene derecho a recobrar daños contra el apelado porque
éste probó en el juicio que el que se causó por su caballo
fué debido al acto de una tercera persona, que no pudo pre-
veer ni evitar el dueño, caso que es igual al de fuerza ma-
yor; y siendo idéntica la razón de derecho en ambos debe
ser aplicada la exención de responsabilidad consignada en
dicho artículo.    Manresa, Comentarios al Código Civil Es-
pañol tomo 12, página 627.

Tampoco tiene el apelado responsabilidad bajo el pre-

cepto del artículo 1804 porque Julio Lacourt no era empleado suyo en el manejo y cuidado del caballo.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.