HIPÓLITO CORTIJO, demandante y apelado, *v.* MIGUEL DOMÍNGUEZ, demandado y apelante.

No. 4057.—*Visto:* Marzo 31, 1927. *Resuelto:* Junio 23, 1927.

1. PATRONO Y EMPLEADO—RESPONSABILIDAD POR DAÑOS A TERCERAS PERSONAS— ACTOS U OMISIONES DEL EMPLEADO—ACCIONES — EXCEPCIONES — FALTA DE CAUSA.—Una excepción de falta de causa por no alegarse que el *chauffeur* del demandado actuaba en el desempeño de sus funciones es infundada cuando además de alegarse que él en el momento del accidente, era tal empleado, la prueba demuestra que como tal estaba en el desempeño de sus funciones guiando el auto que ocasionó el accidente.

2. CARRETERAS *(Highways)*—REGLAMENTACIÓN Y USO PARA EL TRÁNSITO—USO DE LA CARRETERA Y LEY DEL CAMINO—CUIDADO REQUERIDO DE AQUELLOS QUE LA USAN—EN CUANTO A LOS VIANDANTES — PERSONAS QUE LA CRUZAN.— Cuando una guagua se detiene para dejar o tomar pasajeros en una vía de mucho tráfico, un automóvil debe anticipar que los pasajeros han de cruzar la carretera y debe adoptar las precauciones que aconseja la más ordinaria prudencia.

3. CARRETERAS *(Highways)*—REGLAMENTACIÓN Y USO PARA EL TRÁNSITO—USO DE LA CARRETERA Y LEY DEL CAMINO—CUIDADO REQUERIDO DE AQUELLOS QUE LA USAN—EN CUANTO A LOS VIANDANTES —EN GENERAL.—La negligencia de un *chauffeur* es clara reduciendo la velocidad a la vista de una persona que cruza la carretera cuando no da aviso de su proximidad a otra que cruza detrás de aquella ni se detiene para evitar el peligro.

SENTENCIA de *Miguel A. Muñoz,* J. (San Juan), declarando con lugar la demanda, con costas y honorarios de abogado. *Confirmada.*

*Luis Toro Cabañas,* abogado del apelante; *José N. Quiñones,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Esta es una acción para recobrar daños y perjuicios a causa de lesiones que recibió el apelado, por haber sido arrollado por un automóvil propiedad del apelante. Alegó el demandante que el demandado era dueño en la fecha que ocurrió el accidente, de una línea de automóviles que transportaba pasajeros y su ruta era entre San Juan y Humacao; que en marzo 29, 1924, un automóvil "Cadillac" de dicha línea, guiado por el chauffeur Arturo Reyes Cabrera, empleado entonces por el demandado, al pasar por la carretera de Santurce, parada 21, arrolló el demandante Hipólito Cortijo, que en aquel momento atravesaba la carretera, ocasionándole la fractura del tobillo derecho; que el automóvil marchaba a una velocidad exagerada, sin tocar bocina o alarma para anunciar su proximidad; que la causa de la lesión que recibió el demandante se debió única y exclusivamente a la negligencia e impericia del empleado *chauffeur* del demandado, no reduciendo la velocidad y caminando por la parte izquierda en la dirección en que iba dicho vehículo, sin tocar bocina o alarma alguna para anunciar su proximidad.   Alegó

por último que a consecuencia de los golpes recibidos el demandante no ha podido trabajar y estuvo recluído en el Hospital Municipal por sesenta días, ocasionándole daños ascendentes a la suma de $2,000.

El demandado hizo una negación general de los hechos de la demanda, y celebrado el juicio la corte dictó sentencia condenando al demandado a satisfacer al demandante, por concepto de indemnización, la suma de $600.

[1] El demandado apeló y en su primer señalamiento de error sostiene que la corte inferior erró porque la demanda no aduce una causa de acción. No aparece de los autos que el demandado excepcionara la demanda, y si bien la excepción alegada es privilegiada, el motivo en que se basa de que no se alega en la demanda que el chauffeur del demandado estuviera actuando en el desempeño de sus funciones, carece de fundamento porque la demanda alega que dicho *chauffeur* en el momento del accidente era empleado del demandado, y la prueba, por otro lado, demostró que como tal empleado estaba en el desempeño de sus funciones, pues venía guiando el automóvil que ocasionó el accidente.

[2] Los demás errores se refieren a la apreciación de la prueba y a que la corte inferior abusó de su discreción al imponer las costas al demandado.

La prueba del demandante tendió a demostrar que el demandante viajaba en una "guagua" en dirección de San Juan a Santurce, y que al llegar a la parada 21, en donde la carretera es estrecha porque no se ha terminado el ensanche en esa parte de la misma, el demandante se bajó de la "guagua" y al tratar de cruzar la carretera a paso natural, estando pendiente de otra guagua que venía detrás en la misma dirección, fué arrollado por el automóvil del demandado, que venía en dirección contraria a una velocidad más bien excesiva y sin tocar aviso o alarma para anunciar el peligro.

La teoría del demandado es que el demandante por estar pendiente de otra "guagua" que venía en dirección contraria

al automóvil, al apear y cruzar se abalanzó sobre este último. Sin embargo, la prueba del demandado más bien demuestra que el automóvil marchaba algo más que moderadamente y que algunos testigos no se atreven afirmar que diera aviso el *chauffeur* al acercarse al sitio del accidente. El *chauffeur* declara que no venía muy ligero, como a una velocidad de 8 ó 10 kilómetros, y sin embargo dice que el automóvil le dió con la parte delantera al demandante, quedando al nivel de las ruedas de atrás al detener el carro. Un automóvil que camina a una velocidad de 8 o 10 kilómetros debe parar al instante de aplicársele los frenos; lo contrario indica o que se caminaba a mucha mayor velocidad, o que realmente no se hizo uso de los mismos o que los frenos estaban en malas condiciones. El testigo dijo: "Yo venía a una velocidad no muy ligero . . . como cerca de 8 ó 10 kilómetros . . . El chocó (el demandante) contra el costado izquierdo de alante del carro y cayó por la parte de la carretera y entonces yo paré al instante y el señor quedó casi al nivel de la rueda de atrás."

Por otra parte, no aparece que el *chauffeur* diera aviso de su aproximación, y ésta fué sin duda otra circunstancia que si se hubiera tenido en cuenta por el *chauffeur* del demandado, no hubiera ocurrido el accidente. La prueba en conjunto demuestra que el demandante cruzaba a paso natural la carretera y había dado algunos pasos. Si como asegura el *chauffeur* que marchaba a 8 ó 10 kilómetros, él con un simple toque de bocina o *klaxon* hubiera advertido al demandante el peligro. No era un caso en que el demandante salía súbitamente de la "guagua" para enfrentarse con el automóvil, ni existían obstáculos que privaran al demandado de ver el camino. Además, cuando una "guagua" se detiene para dejar o tomar pasajeros en una vía de mucho tráfico, como la carretera de San Juan, un automóvil debe anticipar que los pasajeros han de cruzar la carretera y es cuando deben adoptar las precauciones que aconseja la más ordinaria pru-

dencia. El demandante al apearse de la guagua vió que un compañero cruzaba delante de él la carretera sin dificultad y él siguió a éste, dándose de esto perfecta cuenta el *chauffeur* del demandado. Si éste, como afirma, redujo la velocidad a la vista del primero, su negligencia es clara cuando no dió aviso al demandante o se detuvo para evitar de cualquier modo el peligro. Todo demuestra que si el demandado hubiera reducido la velocidad, o en tiempo hubiera dado aviso de su proximidad al demandante, hubiera evitado el accidente. El confió tal vez más en su habilidad que en las precauciones que debió tomar a la vista de pasajeros que apeaban de una ''guagua''.

En cuanto al pronunciamiento de costas, no encontramos que la corte inferior abusara de su discreción al imponerlas al demandado.

*Por todo lo expuesto debe confirmarse la sentencia apelada.*