AMALIA BURGOS VDA. DE MOLINA, en representación de y como madre con patria potestad sobre su menor hijo CARLOS RAMÓN MOLINA, demandante y apelante, *v.* SOBRINOS DE VILLAMIL, demandada y apelada.

No. 4728.—*Sometido:* Abril 30, 1929. *Resuelto:* Mayo 31, 1930.

 

*José C. Jusino,* abogado de la apelante; *Heriberto Torres·Sola,* abogado de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal. ·

Para fundar la corte inferior su sentencia en este caso escribió una opinión en la que dice lo siguiente:

"La prueba ha demostrado que la demandada, Sobrinos de Villamil, tiene en Río Piedras un establecimiento mercantil para el despacho de provisiones; que para su negocio tiene entre otros vehículos, un truck Ford No. 296, del cual es chauffeur Manuel Villar Alonso, debidamente autorizado, y en el que trabaja Pablo Martínez como peón, para el reparto de la carga a domicilio; que el día 21 de mayo de 1925, como a las 9 a. m., el truck de la demandada, guiado por el chauffeur Manuel Villar Alonso y. donde actuaba como peón Pablo Martínez, salió del colmado para el reparto de las compras a domicilio; que el chauffeur se detuvo en la casa de un tal Vallejo, para hacer su cobro, y como se entretuviera un rato, el peón Pablo Martínez, sin estar autorizado para manejar vehículos de motor, tomó el guía y se dirigió por la calle 'Padres Capuchinos.' barrio 'Buen Consejo,' de Río Piedras, por donde existe una escuela pública, para llevar una compra; que los niños estaban fuera, en la calle, durante el recreo, siendo las 10.30 de la mañana; que el truck se detuvo frente a la escuela y los niños se montaron en los estribos del vehículo, ordenándoles el peón o conductor que se apearan; que luego el truck continuó su marcha y los niños volvieron a montarse, entre ellos Carlos Ramón Molina Burgos, quien cayó del citado vehículo y se produjo golpes en distintas partes de su cuerpo."

Luego dice la corte que en la demanda se alega que el niño se paró en el estribo delantero izquierdo del vehículo al lado del *chauffeur,* quien puso en movimiento el vehículo sin dar tiempo a que se bajara el niño; que éste suplicó al *chauffeur* que detuviera el vehículo para bajar pero por el contrario aceleró la marcha y el niño cayó; mientras que en la contestación a la demanda se dice que el niño se montó en

la parte trasera de dicho vehículo sin que de ello pudiera apercibirse el conductor del *truck,* porque desde su sitio no veía en el que se sentó el niño y que al arrancar el *truck* el niño cayó al suelo. Ese conflicto también resultó en la prueba y fué resuelto por la corte en favor del demandante. A pesar de esa conclusión la corte de distrito declaró sin lugar la demanda porque la prueba de la parte demandada demostró fuera de duda razonable que Pablo Martínez no estaba autorizado para guiar el *truck* de la demanda y que ésta tenía expresamente para ese servicio al *chauffeur* Manuel Villar Alonso, sin que se hubiera probado que en otras ocasiones el peón hubiera guiado el *truck* y, por el contrario, según declaró el *chauffeur* él no permitía que el peón manejara el vehículo porque no estaba autorizado y porque el jefe de la casa demandada había prohibido expresamente que fuera manejado por persona distinta del *chauffeur.*

Para sostener la parte demandada su apelación contra esa sentencia alega que la corte inferior cometió error en la apreciación de la prueba y que la sentencia es contraria a derecho; y todo lo que aduce en apoyo de la apreciación errónea de la prueba es que algunos testigos declararon que Pablo Martínez había manejado esa guagua en otras ocasiones, pero esto carece de importancia en este caso porque aun siendo así, por más que hubo prueba contradictoria, lo fundamental para los términos en que fué dictada la sentencia es si se probó o no que entre las funciones del empleo de Pablo Martínez no estaba la de manejar el automóvil y que la demandada había prohibido terminantemente que el *truck* fuera manejado por persona distinta del *chauffeur* Manuel Villar Alonso. Esta conclusión no está impugnada por el apelante.

El otro motivo de ser la sentencia contraria a derecho lo funda el apelante en que el artículo 1804 del Código Civil es de aplicación en este caso.

El artículo 1803 del Código Civil dice que el que por acción u omisión cause daño a otro, interviniendo culpa o

negligencia, está obligado a reparar el daño causado; y el 1804 que la obligación que impone el artículo anterior es exigible no sólo por los actos y omisiones propios sino por los de aquellas personas de quienes se debe responder; y después de establecer dos casos de responsabilidad para ciertas personas por actos de otros, declara que son igualmente responsables los dueños o directores de un establecimiento o empresa respecto de los perjuicios causados por sus dependientes en el servicio de los ramos en los que estuvieren empleados, o con ocasión de sus funciones; precepto en el cual no puede fundarse una condena en este caso por manejar Pablo Martínez el *truck* en este caso porque no ejecutaba ese acto con ocasión de sus funciones ni en el servicio del ramo en que estaba empleado, pues como demostró la prueba su empleo se limitaba a acompañar la guagua para entregar los paquetes y no a manejarla, lo que estaba prohibido a persona distinta del *chauffeur* Manuel Villar Alonso. Cuando un empleado se aparta de sus deberes y en otros distintos realiza un daño, su principal no es responsable por él, según hemos declarado en los casos de *Marrero* v. *López,* 15 D.P.R. 766; *Vélez* v. *Llavina,* 18 D.P.R. 656; *Martínez* v. *Trujillo & Mercado,* 24 D.P.R. 294; *Colón* v. *Pérez,* 27 D.P.R. 748, y *Pérez* v. *J. Lema & Co.,* 36 D.P.R. 82.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Texidor no intervino.