Víctor A. Ramírez, por sí y en representación de su hija menor Gumersinda Ramírez y Bayron, y como administrador de la Sociedad de Gananciales constituída por él y su esposa Doña Carmen Bayron de Ramírez, demandantes y apelantes, *v.* Manuel Marín, demandado y apelado.

No. 4980.—*Sometido:* Mayo 1, 1930. *Resuelto:* Noviembre 18, 1931.

*Nazario & García Méndez,* abogados de los apelantes; *J. Alemañy Sosa,* abogado del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Los demandantes en una acción por daños personales recibidos con motivo de un accidente de automóvil, apelan de una sentencia adversa y dicen que la corte de distrito erró al permitir que el demandado introdujera en evidencia cierto escrito con el fin de impugnar uno de sus testigos.

El abogado del demandado, mientras examinaba a uno de sus testigos, anunció que ciertas manifestaciones hechas por el dicente eran una sorpresa para el demandado. Interrogado el testigo si en determinado momento y sitio había hecho una manifestación ante el abogado Pascasio Fajardo

y un tal Valdés, contestó en la afirmativa. Al testigo entonces se le pidió que examinara el escrito de que se trata y el abogado de los demandantes se opuso por el fundamento de que la impugnación debía proseguir sin que se mostrara el documento. La corte desestimó la objeción e indicó al abogado que le preguntara al testigo si ésa era su declaración. El testigo contestó que lo era, pero agregó que se omitieron ciertos extremos porque él estaba muy nervioso en el momento de prestarla. Se llamó la atención del testigo a cierta parte del escrito en que él había manifestado que había sacado el carro sin permiso del Sr. Marín, y el testigo contestó:

"Yo tenía permiso para sacar sin autorización cualquier carro de la casa."

Se le pidió entonces que leyera el documento y que dijera si él había hecho las manifestaciones en él contenidas y que identificara su firma. Contestó que estaba bien, salvo en cuanto a la omisión ya indicada, debida a su estado nervioso. En respuesta a otras preguntas el testigo admitió que el día antes del juicio su declaración escrita le fué leída por el abogado del demandado y que entonces le había dicho a ese abogado que era cierta. El documento fué luego ofrecido en evidencia y admitido por la corte con el único fin de contradecir al testigo en cuanto a los extremos previamente declarados por él. El abogado de los demandantes se opuso a la admisión del documento por el motivo de que no se trataba de una declaración jurada, y la objeción fué declarada sin lugar. La representación legal de los demandantes entonces sostuvo que no había contradicción alguna pero se allanó a la admisión del documento por el valor que pudiera tener. El documento fué entonces nuevamente admitido como prueba y el abogado de los demandantes tomó excepción por el fundamento de que Valdés era representante de la compañía de seguros. La corte indicó que tal carácter representativo no era óbice a la admisión del documento en evidencia y agregó

que el hecho en sí no se había demostrado. A un ofrecimiento hecho para establecer el carácter representativo de Valdés, la corte replicó que el documento ya había sido admitido en evidencia y sugirió que se le pidiera al testigo que se explicara. El testigo fué entonces examinado por el abogado de los demandantes respecto a su declaración anterior.

El artículo 159 de la Ley de Evidencia, referente a declaraciones contradictorias previamente hechas, taxativamente dispone que

"Si las manifestaciones se hicieron por escrito, deberán enseñarse al testigo antes de podérsele interrogar acerca de ellas."

La sabiduría de semejante requisito puede ser cuestionada (véase Wigmore on Evidence, 2da. ed., vol. 2, págs. 277, 487, 875, secciones 906, 1036 y 1259), pero ése es un asunto a ser considerado por la legislatura. La fraseología del estatuto es clara.

Otros puntos sugeridos por la argumentación de la parte apelante en cuanto quedan cobijados por el señalamiento, no exigen seria consideración. La corte no erró al admitir el documento.

Los apelantes también alegan que la corte de distrito erró al sostener que el demandado no era responsable de los daños causados por la negligencia de su chauffeur Nicolás Duperón, y que al así resolver aplicó torcidamente la doctrina de *respondeat superior.*

Puede admitirse que la evidencia de los demandantes estableció un caso *prima facie* bajo la autoridad de *Truyol & Ca.* v. *West India Oil Co.,* 26 D.P.R. 361; *Cortijo* v. *Domínguez,* 36 D.P.R. 936; *Ramos de Anaya* v. *López,* 36 D.P.R. 499; *Guzmán López* v. *Ortíz,* 39 D.P.R. 184; y *Sánchez* v. *The Asiatic Petroleum Co.,* 40 D.P.R. 104. El juez de distrito declaró, sin embargo, que Duperón había sacado el carro del garage a altas horas de la noche y que al tiempo del accidente lo usaba para su diversión y la de sus amigos, sin conocimiento o consentimiento del demandado, el dueño. La prueba

del demandado sostiene plenamente estas conclusiones. También hubo testimonio a favor de los demandantes que tendió a demostrar que Duperón había sido enviado a hacer ciertas gestiones por otro empleado del demandado, pero esto fué contradicho por otras declaraciones presentadas por el demandado, y la conclusión del juez de distrito sobre este punto fué igualmente adversa a los demandantes. El juez de distrito no erró ni en sus conclusiones de hecho, ni en las de derecho basadas en aquéllas.

Lo que hemos dicho resuelve prácticamente otra cuestión discutida por separado en el alegato de los apelantes, que envuelve un supuesto error al apreciar la prueba y al dictar sentencia contraria a aquélla.

En vista de las consideraciones que anteceden, no creemos que sea necesario discutir otra contención de los apelantes que aparece en primer término en el señalamiento de errores, en el sentido de que la corte de distrito erró al sostener una excepción previa por indebida acumulación de partes demandantes, interpuesta después de haber sido declarada sin lugar una excepción previa anterior de falta de hechos suficientes para determinar causa de acción.

*Debe confirmarse la sentencia apelada.*