Núm. 7779.—ANTONSANTI, aplda. *v.* M. RODRÍGUEZ & CÍA., SUCRS., aplte.—C. D. Ponce.　　　　　　　　　　Julio 30, 1938.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

Vista con la sola asistencia de la parte apelante la moción que antecede para que se desestime el presente recurso de apelación por frívolo:

POR CUANTO, el Juez de Distrito en su relación del caso y opinión dijo:

"Se trata en este caso de una acción por indemnización de daños y perjuicios sufridos por la niña Monserrate Pacheco y producidos por un automóvil, que entonces conducía y manejaba Toribio Grovas en el curso de los deberes de su cargo como agente viajero de la mercantil demandada M. Rodríguez & Co., Sucesores.

"La demandada contestó oportunamente la demanda, negando específicamente todos y cada uno de los hechos de la misma y alegando, además, varias defensas especiales y separadas.

"La vista del caso se celebró ante esta Corte de Distrito previo señalamiento en el calendario general de asuntos civiles el día 30 de marzo de 1937, habiendo comparecido a dicha vista la parte demandante representada por su abogado señor R. Hernández Matos y la demandada por el suyo, señor J. Valldejuli Rodríguez.

"Ambas partes presentaron evidencia testifical y documental que fué admitida.

"Como peritos médicos declararon el Doctor Gabriel Rigáu por la parte demandante y el Doctor Tito Mattei por la demandada, no existiendo conflicto sustancial entre sus declaraciones.

"La declaración de Juana Josefa Torres de Antonmarchi (profesora de la niña Monserrate Pacheco) no fué controvertida por ninguna otra evidencia.

"En cuanto a la forma en que ocurrió el accidente declararon como presenciales los siguientes testigos: la niña lesionada Monserrate Pacheco, Alejandro Gau, Domingo Vélez y Pablo Rodríguez, por parte de la demandante; declarando por parte de la demandada, Toribio Grovas (agente viajero de la demandada y conductor del automóvil) y Manuel García Rodríguez (tenedor de libros de la demandada) quien viajaba en el mismo auto Chevrolet que manejaba Grovas.

"El Juez Municipal de Yauco, Hon. Antonio Oliver Frau, declaró que 'ese día como a las 2 de la tarde vió en el pueblo de Yauco el automóvil Chevrolet y tenía una abolladura en la parte trasera del lado derecho.' (Este testigo no presenció el accidente.)

"Vamos a prescindir en absoluto de la declaración del testigo de la demandante, Pablo Rodríguez, por haber hecho manifestaciones anteriores contrarias a las declaradas en la vista; según aparece de una declaración escrita que prestara el mismo día del accidente ante el Juez Municipal de Yauco (Exhibit núm. 2 de la demandada).

"La evidencia en cuanto a la forma en que ocurrió el accidente es contradictoria. La corte, después de haber visto y oído declarar a todos los testigos presenciales, y, tomando en cuenta, muy especialmente, el hecho probado por los dos peritos médicos de que la niña Monserrate Pacheco recibió una contusión *detrás* de la oreja *izquierda* y tenía fracturada la clavícula *del mismo lado*, declara que la preponderancia de prueba, en cuanto a la forma en que ocurrió el accidente, está a favor de la parte demandante, y en tal sentido resuelve el conflicto (artículo 162, apartado 5°., de la Ley de Evidencia.)

"La corte, como resultado de las alegaciones y de la evidencia presentada por ambas partes y apreciada en conjunto (prescindiendo de la declaración de Pablo Rodríguez) declara probados satisfactoriamente los siguientes hechos:

"En el día 30 de enero de 1936, la demandada M. Rodríguez & Co., Sucrs., era dueña, poseía, dedicaba y utilizaba para su negocio o empresa de venta de camisas para hombres, un automóvil o vehículo de motor marca Chevrolet, con tablillas o matrícula o licencia núm. 10899, y este automóvil el día 30 de enero de 1936 era personalmente conducido, tripulado y manejado por Toribio Grovas quien en ese día y en los precisos momentos del accidente que más adelante se relatará, era empleado, agente vendedor o viajante de la demandada M. Rodríguez & Co., Sucrs., formando dicho automóvil y dicho Toribio Grovas partes integrantes "del negocio o empresa antes mencionada de dicha demandada.

Entre doce y una de la tarde de dicho día 30 de enero de 1936 la menor demandante Monserrate Pacheco Antonsanti, se dirigía desde su casa hacia una escuela pública de la ciudad de Yauco, caminando a pie por la sección Sabana Grande-Yauco de la carretera pública insular número 2, que va de San Juan a Ponce, vía Aguadilla, yendo por la extrema derecha de dicha carretera y por el paseo o trillado que hay a todo lo largo de ella y que queda entre su parte embreada y su cuneta derecha; que en esa misma hora y dirección, o sea de Sabana Grande hacia Yauco, venía el empleado de la demandada Toribio Grovas, conduciendo, tripulando y manejando personalmente el referido automóvil, estando

dicho Toribio Grovas guiándolo en el curso ordinario y con motivo y ocasión de sus funciones o deberes como empleado de la demandada M. Rodríguez & Co., Sucrs., y al darle alcance a la niña Monserrate Pacheco Antonsanti, entre los kilómetros 229 y 230 de dicha carretera, que quedan dentro y forman parte del territorio y jurisdicción del Distrito Judicial de esta Corte de Distrito de Ponce, dicho Toribio Grovas permitió y dejó que dicho automóvil Chevrolet núm. 10899 se abalanzara hacia el cuerpo de la niña Monserrate Pacheco Antonsanti, y chocara con ella por la espalda, golpeándola violentamente, tirándola y arrastrándola sobre el pavimento de la carretera, de donde fué recogida dicha niña y conducida por el propio Toribio Grovas a un hospital de la ciudad de Yauco.

"Con motivo de dicho accidente, la niña Monserrate Pacheco recibió una fuerte contusión, con derrame, detrás de la oreja izquierda que le produjo una conmoción cerebral y consecuentemente un estado de completa inconsciencia en el que permaneció por diez días; recibió escoriaciones en varias partes de su cuerpo; se le fracturó la clavícula izquierda; estuvo asilada en el hospital unos diez días y como veinte o treinta días más recibiendo asistencia médica en su casa; sufrió grandes dolores físicos; perdió el curso escolar del año 1935 a 36 y ha incurrido en gastos de asistencia médica y medicinas.

"Dicho accidente se debió única y exclusivamente a la negligencia y falta de prudencia y circunspección del empleado de la mercantil demandada, Toribio Grovas, quien entonces y allí, guiaba el automóvil Chevrolet núm.' 10899 propiedad de la demandada; negligencia y falta de circunspección consistentes en correr el automóvil por la extrema derecha de la carretera cuando en la misma dirección y delante del automóvil caminaba una niña de once años de edad, pudiendo el carro correr por el medio de la carretera porque no había nada que en aquellos momentos lo impidiera, y, además, en no haber reducido la velocidad al acercarse a la referida niña Monserrate Pacheco, siendo en aquel sitio la carretera recta en una extensión de un kilómetro y medio.

"La corte estima todos los daños y perjuicios sufridos por la demandante en la suma de un mil dólares ($1,000).

"Por todo lo anteriormente expuesto y vistos los arts. 1802 y 1803 del Código Civil (Ed. 1930) y la jurisprudencia aplicable, la corte es de opinión que debe dictarse una sentencia declarando con lugar la demanda, fijando la cuantía de la indemnización en un mil dólares y condenando a la demandada en costas y en honorarios de abogado de la demandante que se fijan en doscientos dólares, de acuerdo con lo dispuesto en la Ley núm. 69, aprobada en 11 de mayo de 1936."

Por cuanto, los únicos motivos en que se funda la parte apelante para oponerse a dicha moción son los siguientes:

"(A) Porque la Corte de Distrito de Ponce cometió error manifiesto en la apreciación de la prueba, ya que declaró haber conflicto de evidencia y esto lo resolvió en favor de la demandante, a pesar de que la prueba de la demandada es preponderante en su favor, en los siguientes aspectos:

"(1) Que no se demostró allí y entonces que Toribio Grovas, que se dice empleado de la demandada, allí y entonces estuviera en el desempeño de los deberes de su empleo y, por el contrario, el testigo de la demandante, el propio Toribio Grovas, declaró que en ese momento se dirigía a almorzar. Ninguno de los testigos de la demandante habló sobre relaciones de empleado y patrono de la demandada con Toribio Grovas. Y, cuando éste declaró como testigo de la demandante se limitó a decir que era empleado, agente viajero de la demandada,

pero en ningún momento dijo que en el momento del accidente estuviese desempeñando ningún acto en favor de la demandada y en beneficio de ésta. Véase su primer declaración en las páginas 48 y 54 de la transcripción de evidencia y su segunda declaración como testigo de la demandada en las páginas 158 a 177. En esta última especificó qué era lo que había en el momento del accidente, no habiendo dicho nada con respecto a este aspecto en su primera declaración como testigo de la demandante. En la página 163 de la transcripción de evidencia dice así:

"'Yo venía cerca de la una, de doce y media a una, de Guánica para Yauco, *a almorzar*, y viniendo por la carretera, como a metro y medio de la cuneta, por mi derecha, estaba un grupo en la carretera, frente a la casa: esta niña, su mamá, una hermana y otra persona más, un grupo hablando; en ese momento pasaba un tren de caña frente a esa casa con vagones, y yo, en previsión, toqué el claxon tres veces; venía a una velocidad moderada de veinte millas, quince kilómetros o veinte millas, una cosa así, toqué el *klaxon*...'"

"(2) Los testigos de la demandante, Alejandro Gaut, Domingo Vélez y Pablo Rodríguez, fueron atacados en su veracidad, entre otros testigos, por la declaración del Juez Municipal de Yauco, Ledo. Antonio Oliver Frau, páginas 191 a 208 de la transcripción de evidencia en donde este magistrado declaró ante el Tribunal que esos testigos en el momento de su investigación no fueron a declarar a pesar de que el policía Barrios fué expresamente al sitio y solicitó los testigos que hubiesen presenciado el accidente, no habiéndose presentado ninguno de ellos, con excepción de Pablo Rodríguez, cuya declaración ante el Juez Municipal de Yauco contradijo su nueva declaración como testigo de la demandante. Véase página 177 a 179 de la transcripción de evidencia, donde se consigna su declaración, tomada en el momento de los sucesos, cuando no hay tiempo para especular, tiempo de combinarse ni de preparar declaración alguna, y en el cual momento sólo habla la conciencia guiada por la observación de los hechos. Este testigo dijo, ante el Juez Municipal de Yauco, lo siguiente:

"'En Yauco, P. R., a 30 de enero de mil novecientos treintiséis, ante esta corte comparece Pablo Rodríguez, mayor de edad, casado, industrial y vecino de la Calle Mejías, de Yauco, P. R., y previo juramento conforme a la ley, dice:

"'Que mis generales son las arriba expresadas. Que como entre doce y media y una de esta tarde, estando yo en la casa de Juanita Antonsanti, sita en el barrio Susúa Baja, de Yauco, P. R., y que queda en la orilla de la carretera Yauco–Guánica, venía por su derecha un automóvil color aceituna, cerrado, que era guiado por un señor que según información responde al nombre de Toribio Grovas, cuyo automóvil venía a velocidad regular; en esos momentos se encontró el carro mencionado con un truck, y al estarse cruzando, la niña Monserrate Pacheco que había salido de su casa se tiró a la carretera, y cogió por su derecha en dirección hacia la escuela y hacia el pueblo de Yauco, chocando allí y entonces con la parte trasera derecha del automóvil, cuyo conductor paró como a diez metros de distancia, virando para atrás y recogiendo a la accidentada, y llevándola como en busca de auxilio hacia el pueblo de Yauco; que el automóvil que tuvo el accidente es marca Crevrolet. Que lo declarado es la verdad y nada más que la verdad.'

"En cambio en su declaración como testigo ante el tribunal, al decir que llevaba un almuerzo para un hermano de la muchacha lesionada, manifestó diversas afirmaciones, a preguntas capciosas del abogado de la demandante que contradicen fundamentalmente su declaración del día de los sucesos.

"(3) Porque aparece, además, que los hechos declarados probados por la corte, no aparecen en la forma que los proyecta el tribunal, de la transcripción de evidencia.

"(B) Porque en un caso como éste en que no se probó agencia ninguna y en que la preponderancia de la prueba está a favor de la demandada, es mejor que esta Hon. Corte Suprema entre en el fondo del caso, con el estudio detenido que deba hacerse a través de los alegatos.

"*Tercero:* Alega la demandada apelante, en relación a que se demostró que Toribio Grovas, allí y entonces se dirigía a almorzar y no a ningún acto que beneficiara a la compareciente ni que fuera dentro de las deberes de su empleo, que cita, por ser de aplicación, la siguiente jurisprudencia: *Marrero* v. *López*, 15 D.P.R. 766; *Vélez* v. *Llavina*, 18 D.P.R. 656; *Martínez* v. *Trujillo y Mercado,* 24 D.P.R. 294; *Colón* v. *Pérez*, 27 D.P.R. 748; *Pérez* v. *J. Lema & Co.*, 36 D.P.R. 82; *Burgos* v. *Sobrinos de Villamil*, 41 D.P.R. 84 y *Ramírez* v. *Marín*, 42 D.P.R. 858.''

POR CUANTO, Toribio Grovas declaró que:

"En la fecha del accidente era viajante de la casa M. Rodríguez & Co. Sucrs.; viajaba con muestras, vendiendo de la casa, andaba con muestras, vendiendo de la casa, con un muestrario; viajaba en un automóvil Chevrolet de M. Rodríguez & Co.; 'venía de doce y media a una, de Guánica para Yauco a almorzar'; el jefe mandó un policía para acompañar al testigo donde el juez, permaneciendo con este último hasta las dos y media de la tarde, cuando el juez le dijo que se podía marchar para San Juan. No estuvo presente cuando el juez municipal de Yauco estaba haciendo la investigación; el juez municipal lo llamó a lo último de la investigación para decirle que se podía marchar.''

POR CUANTO, el mero hecho de que el viajante, Toribio Grovas, fuera a almorzar a Yauco, en ruta de Guánica hacia San Juan como viajante vendedor de la demandada, no basta por sí sólo para privarle de su carácter de empleado de la demandada en el momento del accidente.

POR CUANTO, ni el hecho de que algunos de los testigos de la demandante fueran atacados en su veracidad por la declaración del juez municipal de Yauco al manifestar que dichos testigos en el momento de la investigación no fueron a declarar, a pesar de que un policía fué expresamente al sitio y solicitó los testigos que hubiesen presenciado el accidente, no habiéndose presentado ninguno de ellos con excepción de Pablo Rodríguez,—ni el hecho de existir contradicciones entre las manifestaciones de Pablo Rodríguez en su declaración ante el juez municipal y sus manifestaciones como testigo en la corte de distrito,—descartada por completo como fué por el juez de distrito la declaración de este testigo,—ni estas dos circunstancias en conjunto, bastan para demostrar que la prueba de la demandada es preponderante en su favor.

POR CUANTO, ha dejado de convencernos el apelante cuando afirma que los hechos declarados probados por la corte no aparecen en la

forma que los proyecta el tribunal sentenciador de la transcripción de la evidencia, y no encontramos error manifiesto alguno en la apreciación de la prueba, apareciendo por el contrario, a nuestro juicio, claramente frívolo el presente recurso,

Por tanto, se declara con lugar la moción de la parte apelada y se desestima como frívola la apelación interpuesta contra la sentencia que dictó la Corte de Distrito de Ponce en mayo 18 del pasado año, imponiéndose al apelante, en adición a las costas ante la corte de distrito, las costas en apelación, incluyendo la suma de cien dólares ($100) para honorarios de abogado.

El Juez Asociado Sr. De Jesús no intervino.

En los siguientes casos, a propuesta de sus distintos Jueces, la Corte se negó a desestimar, por frívolos, los recursos, por no ser, aparecer, resultar, haberse demostrado o estar convencida de la supuesta frivolidad.

Núms. 37 [5], 7524, 7678, 7710, 7728, 7733, 7746, 7762, 7768, 7823.

(d) FALTA DE ALEGATO O PRESENTACIÓN DEL MISMO FUERA DE TÉRMINO