## EL PUEBLO *v.* SILVA.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 347.—Resuelto en mayo 18, 1911.

DERECHO PENAL—ADULTERACIÓN DE LECHE—PRUEBA DE REFERENCIA—OBJECIONES
    POR PRIMERA VEZ EN APELACIÓN.—Cuando un acusado permite la presenta-
    ción de una prueba que pudiera ser excluída si se hiciera la debida objeción
    en la corte de distrito, no puede permitírsele que objete dicha prueba por

primera vez en el tribunal de apelación. (*Falero* v.*Falero,* resuelto en febrero 19, 1909; 15 Dec. de P. R., 118.)

ID.—EFECTO DE LA PRUEBA—PRESUNCIÓN DE SU EFECTO—ADMISIÓN DE PRUEBA INDEBIDA.—La admisión de prueba indebida, sin objeción del acusado, surtirá efecto contra él, y cuando es declaración de referencia, únicamente afectará al peso de la misma. Cuando el caso es juzgado por un tribunal de derecho, la admisión de prueba indebida lleva consigo la presunción de que no afectará al resultado del mismo. (*Belber* v. *Calvo,* resuelto en mayo 19, 1910; 16 Dec. de P. R., 360.)

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Tomás Castillo.*

Abogado del apelado: *Sr. Jesús M. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En la Corte de Distrito de Ponce se presentó en 7 de diciembre de 1910 una acusación contra José Silva por haber ofrecido en venta como pura, leche que estaba adulterada. El juicio se celebró en 21 de enero de 1911, y fué declarado culpable del delito que se le imputaba y condenado a sufrir treinta días de cárcel y las costas. Dos son los fundamentos de la apelación, a saber: que las pruebas son insuficientes para fundar en ellas un veredicto de culpabilidad, y que la sentencia es contraria a la prueba.

Dos de los Policías que sospechaban que José Silva vendía leche sin licencia se pusieron en observación. Declaran estos policías que vieron a varias personas saliendo del depósito del acusado con cacharros y examinaron el cacharro de un muchacho el cual contenía leche; que también consiguieron según éstos refieren, que un hombre fuera a comprar dos centavos de leche con la que ellos se quedaron. Declaran también que fueron a la tienda después, cogieron parte de la leche y tomaron tres muestras de la misma, dejando una de dichas muestras al acusado, conservando ellos una, y la otra entregándosela al inspector de sanidad.

Se ha admitido que la leche estaba adulterada. Alega el apelante, entre otras cosas, que gran parte de las declaraciones de los policías son de referencia. No se formuló objeción alguna en la corte inferior por ese fundamento. Cuando un

acusado permite la presentación de una prueba que pudiera ser excluída si se hiciera la debida objeción, no puede permitírsele que objete dicha prueba por primera vez en el tribunal de apelación. (*Falero* v. *Falero,* sentencia de 19 de febrero, de 1909.) Por ejemplo, ambas partes pueden estar conformes en que se presente cierta prueba con el fin de evitar el tener que citar a algunos testigos. Si la prueba que pueda objetarse es de carácter probatorio, surtirá su efecto contra el acusado si éste no hubiere formulado objeción contra la misma. Si no se presenta ninguna objeción, el que sea la declaración de referencia afecta únicamente al peso de la prueba. Se presume que cuando un caso se celebra ante la corte, la admisión de prueba indebida no afecta al resultado del mismo. (*Belber* v. *Calvo,* sentencia de 19 de mayo, de 1910.) El apelante presentó prueba tendente a mostrar que la leche que últimamente le fué tomada no se ofrecía en venta y que era para su propio consumo. Ante el hecho de que el acusado era dueño de un establecimiento en que se vendía leche y se veía salir a la gente de allí con jarros en los que generalmente se lleva leche y habiéndose examinado uno de estos cacharros, y habiéndose luego encontrado leche adulterada en su establecimiento, todos estos hechos demuestran *prima facie* la culpabilidad del acusado. La corte no estaba obligada a dar crédito a la manifestación del apelante de que la leche era para su uso propio. Hemos estado discutiendo la cuestión referente a la suficiencia de la prueba, pero también la cuestión sobre conflicto de prueba está envuelta en la discusión. Alegó además el apelante, entre otras cosas, que el hombre a quien la policía comisionó para buscar los dos centavos de leche, manifestó que la había conseguido en otro sitio. Hubo bastante prueba tanto de referencia como de otra clase, que permitiera a la corte no dar crédito a esta declaración. Sin embargo, se presentó prueba independiente según hemos dicho, con la que se trataba de mostrar que el apelante tenía leche adulterada en su establecimiento y la ofrecía en venta.

No encontramos en los autos ningún error y debe confir-
marse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados MacLeary, del Toro y Aldrey.