EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO OLIVEROS y VICENTE GARCÍA ROMÁN, acusados y apelante el primero.

No. 2823.—*Visto:* Enero 21, 1927.  *Resuelto:* Marzo 25, 1927.

1. ESCALAMIENTO—PROCESO Y CASTIGO—''INDICTMENT'' Y ACUSACIÓN—DESCRIPCIÓN DEL SITIO EN QUE SE PENETRA—TIENDA O ALMACÉN COMO ESTABLECIMIENTO COMERCIAL.—Las palabras *establecimiento mercantil* usadas en una acusación por delito de escalamiento puede concluirse que equivalen a los conceptos de *tienda* o *almacén* contenidas en la ley, aunque la mejor práctica consiste en usar las propias palabras del estatuto.

2. ESCALAMIENTO—DELITOS Y RESPONSABILIDAD POR LOS MISMOS—PENETRACIÓN—PENETRACIÓN SIN FRACTURA *(Breaking).*—El artículo 408 del Código Penal dispone que toda persona que penetre (entre) en una casa, habitación o tienda con intención de cometer hurto, es culpable de escalamiento. *Se resolvió* que el delito queda consumado cuando la penetración se hace con la intención de cometer hurto, aún cuando tal penetración se haga en una tienda por las entradas abiertas al público durante las horas de negocio.

SENTENCIA de *Charles E. Foote,* J. (San Juan, Primer Distrito), condenando al acusado por delito de Escalamiento en Primer Grado. *Confirmada.*

*Leopoldo Feliú,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Francisco Olivero fué juzgado por el delito de escalamiento en primer grado y condenado a sufrir la pena de un año de presidio.

La acusación, base del proceso, copiada a la letra, en lo pertinente, dice:

''Los referidos Vicente García Román y Francisco Olivero Díaz el día 7 de enero de 1925 y en el Bo. de Santurce, Sección Norte, de la municipalidad de San Juan, que forma parte del distrito judicial del mismo nombre, distrito primero, ilegal, voluntaria y maliciosamente y con intención criminal de cometer hurto, penetraron

durante las horas de la noche en el establecimiento comercial de Ramón Rodríguez, todo lo cual es contrario a la ley para tal caso hecha y prevista y a la paz y dignidad del Pueblo de Puerto Rico.''

Apeló y por vez primera en el Tribunal Supremo sostiene que la acusación no es suficiente. No se discute la prueba. Se impugna simplemente la acusación así:

''Nuestra contención es la de que la designación del sitio en que se alega que penetraron los acusados no es bastante para colocar el caso dentro del precepto del código penal que estatuye lo siguiente:

'' 'Toda persona que entrare en una casa, aposento, habitación, casa de vecindad, taller, almacén, tienda, granero, establo, dependencia, u otro edificio, pabellón, embarcación, carro o vagón, con el propósito de cometer hurto o ratería, o cualquier delito grave (felony) será culpable de escalamiento.'' Código Penal, art. 408.

''Nos parece bien claro que 'almacén' o 'tienda' no puede considerarse como sinónimo de 'establecimiento comercial', que se emplea en la acusación.

''Las palabras que emplea este artículo del código tienen una significación bien clara y definida. Todos sabemos lo que es un 'almacén' o una 'tienda'; pero no podemos decir a qué se refiere específicamente la designación 'establecimiento comercial.' Parece que esta útlima designación puede comprender una 'tienda', un 'almacén', un 'taller' o cualquier otro establecimiento en que se realicen operaciones mercantiles.

''Por otra parte, no se alega en la acusación cómo se realizó la penetración de los acusados en el establecimiento así mencionado, requisito que parece esencial en estos casos.

''Véase 4 R.C.L., p. 415, sec. 1;

''Id.      Id.      p. 416, sec. 3;

''Id.      Id.      p. 419, sec. 7.

''En la resolución de estos dos puntos, como se verá, está envuelta una cuestión de suma importancia. Nos parece bien claro, que, de prosperar la contención del gobierno, si una persona entrare al establecimiento, por ejemplo, de ''González Padín,'' con la intención de robar algo, cometería el delito de escalamiento; pero no podemos aceptar que tal sea la sana interpretación y aplicación del artículo citado del código penal. Creemos que la acusación debe imputar algo más que la mera penetración con la intención de cometer hurto, pues una penetración pública, abierta, en tal establecimiento como

el mencionado, no será nunca ilegal, pues todo ciudadano tiene derecho a entrar en él libremente, por su naturaleza semi-pública. Por las razones expuestas sometemos respetuosamente que por insuficiencia de la acusación, debe revocarse la sentencia dictada, absolviendo al apelante, o en su defecto, ordenando un nuevo juicio.''

Aunque en verdad parece imposible que tratándose de una acusación preparada por un perito en la ley se abandone el uso de las palabras escogidas por el mismo legislador y se empleen otras, corriendo así el riesgo de que caiga al suelo todo el edificio construído, creemos que *establecimiento mercantil,* como sostiene el Fiscal del Tribunal Supremo, es equivalente a todas luces a *tienda* o, en su caso, a *almacén* y que el acusado no pudo ser inducido a error para preparar su defensa. Que una tienda y un almacén son establecimientos mercantiles es evidente. Sin embargo, recomendamos el uso de las palabras exactas de la ley.

[2] La segunda proposición levanta una cuestión interesante. Pero la jurisprudencia la ha resuelto en contra del acusado, así:

''El apelante sostiene que una tienda de comestibles, durante las horas de negocio, es un sitio público, y que el acusado, como parte del público, tenía un derecho legal a encontrarse allí, o más bien a entrar en ella; que los propietarios estaban haciendo negocios con el público en general; que el público era invitado a entrar; que por tanto el acusado entró en virtud de una invitación de los dueños, y por consiguiente su entrada fué legal, y no puede existir escalamiento cuando la entrada es legal. A esta serie de razonamientos sólo podemos contestar que una persona que entra con la intención de cometer un delito grave entra sin ser invitada. Tal persona no es parte del público invitado, ni tiene derecho a entrar. A tal persona podría negársele la entrada en el mismo umbral, o podría echársele del local después de haber efectuado su entrada. Si la presencia de tal persona en la tienda es legal, el hecho de que entrara abierta y públicamente por la puerta principal y no por una claraboya o por el sótano carecería de importancia, y el resultado sería que no podría cometerse escalamiento en una tienda durante las horas de negocio, cualquiera que fuera la forma de entrar.''

*People* v. *Barry,* 94 Cal. 481, 483.

"Sería poner en tela de juicio el sentido común de la humanidad el decir que un ladrón que entra a una tienda con la intención de robar lo hace con el consentimiento del dueño o a su invitación. Es cierto que el ladrón necesita vestido y alimento y puede entrar a una tienda con el fin de adquirirlos. Y si después de estar adentro cambia de idea y decide hurtar y no comprar lo que desea, entonces comete un hurto. Pero si se prueba que entró con la intención de robar, la ley no podrá, en vista de tal prueba, protegerlo de ser castigado por escalamiento bajo la presunción de que tiene el consentimiento y la invitación del propietario para entrar. Nuestro estatuto ha descartado muchos de los requisitos técnicos del escalamiento bajo el derecho común."

*People* v. *Brittain,* 142 Cal. 8, 10.

*Debe confirmarse la sentencia recurrida.*