El Pueblo de Puerto Rico, demandante y apelado, *v.* Isaías Báez y Antonia Quintana, acusados y apelantes.

No. 3407.—*Visto:* Enero 31, 1928. *Resuelto:* Febrero 10, 1928.

1. Derecho Penal.—Juicio—Objeciones a la Evidencia, Mociones para Eliminar y Excepciones—Solicitud de Eliminación de Evidencia—Prueba Obtenida por la Parte que Solicita la Eliminación.—No comete error una corte que se niega a eliminar una contestación dada a una pregunta del abogado de la defensa aún cuando la declaración se refiera a manifestaciones que, hechas por un co-acusado, afecten a otro no presente al aquél hacer dichas manifestaciones.

2. Derecho Penal.—Apelación y Error, y Certiorari—Revisión—Cuestiones Relativas a las Pruebas—Apreciación de las Pruebas—Credibilidad de los Testigos.—La credibilidad que merezca la declaración de un testigo es una cuestión de la incumbencia del juez sentenciador en la que no puede entrar el Supremo a menos que se demuestre que hubo pasión, prejuicio o parcialidad por parte de dicho juez.

3. Derecho Penal.—Apelación y Error, y Certiorari—Revisión—Errores sin Importancia o No Perjudiciales—Sentencia.—Manifestaciones de un juez al dictar sentencia sin otro alcance que el de un comentario que, aún cuando innecesario, no está prohibido, no constituye error.

Sentencia de *Angel Acosta Quintero,* J. (Ponce), condenando a los acusados por delito de adulteración de leche. *Confirmada.*

*Leopoldo Tormes,* abogado de los apelantes; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

Se trata de la apelación contra sentencia dictada por la Corte de Distrito de Ponce en causa criminal por adulteración de leche seguida contra Isaías Báez y Antonia Quintana, por virtud de acusación presentada por el fiscal de dicho distrito, en la que se imputa a los acusados el hecho de transportar para ofrecer en venta, y vender, ilegal, voluntaria e intencionalmente, en 4 de mayo de 1927, en la ciudad de Ponce, Puerto Rico, leche de vaca, adulterada.

El juicio en este caso tuvo efecto en 8 de septiembre de

1927; y la corte declaró a los acusados culpables del delito de adulteración de leche, y les condenó a pagar, cada uno, una multa de noventa dólares, y en defecto de pago a Isaías Báez a noventa días de cárcel, y en cuanto a la multa a Antonia Quintana, se deduzca de la fianza que ella tiene prestada para dedicarse a la venta de leche.

Contra esa sentencia se interpuso la apelación que aquí se resuelve.

En 4 de mayo de 1927, el acusado, Isaías Báez, transportaba, para ofrecer en venta, y vender, en las calles de Ponce, leche de vaca, del puesto de Antonia Quintana, y tal transportación para la venta se hacía bajo la licencia que para ello tenía Antonia Quintana. Un inspector de Sanidad tomó muestras de la leche así transportada, la que resultó adulterada, de acuerdo con el análisis.

El acusado Isaías Báez, en el juicio, declaró que la leche que el inspector de Sanidad tomó para análisis era una que él había comprado a un vendedor ambulante, y no la del puesto de Antonia Quintana. Esta declaración no tuvo confirmación o corroboración alguna. El juez sentenciador no le dió crédito.

Ahora en la apelación se proponen cuatro cuestiones como materia de error.

[1, 2] La primera cuestión se refiere a que la corte permitió que el testigo Piquer declarara en cuanto a manifestaciones del acusado Isaías Báez, que afectaban también a la acusada Antonia Quintana, quien no estaba presente. De lo que aparece del récord resulta que el abogado de la acusada preguntó al testigo Piquer cómo sabía que Isaías Báez vendía leche de Antonia Quintana, y el testigo contestó que Isaías Báez se lo dijo así, y que Antonia Quintana era la esposa de Isaías Báez, y preguntado el testigo, por el mismo abogado, si ella estaba presente, contestó que no. Entonces el abogado pidió que se eliminara la contestación, y la

corte negó la eliminación, y el abogado tomó excepción. Aparece que el mismo testigo declaró que la acusada Antonia Quintana era la que tenía la autorización para la venta de leche, y autorizaba a su esposo Isaías Báez para transportarla, según éste manifestó al testigo. Este, a preguntas del juez, contestó que había dicho a la acusada Antonia Quintana que había tomado muestra de la leche que transportaba su esposo, y que era sospechosa, y que ella aceptó que la leche que le habían tomado era de su depósito. Esta parte del testimonio aclara suficientemente la cuestión.

La denegación de eliminación hecha por el juez es correcta. La contestación de que se trata, fué dada a una pregunta del abogado de la defensa, que luego pidió la eliminación.

En realidad, el punto queda reducido a la credibilidad que merecía la declaración del testigo Piquer; y éste es un extremo que pertenece al juez, y en el que no puede entrarse a menos que se nos demostrara que hubo pasión, prejuicio o parcialidad, de parte del mismo juez, lo que no se ha hecho por el apelante.

En cuanto al segundo señalamiento de error, en realidad, no se trata de otra cosa que de la apreciación de la prueba, en cuanto a si Antonia Quintana autorizó al otro acusado para transportar y vender la leche. Un examen de la prueba nos convence que la apreciación hecha por el juez fué correcta.

[3] Se alega por el apelante que las manifestaciones del juez al dictar sentencia demuestran un estado de ánimo especial, y se alega que todo ciudadano tiene el derecho de ser juzgado imparcialmente y sin prejuicio. No creemos que esas manifestaciones revelen prejuicio, o pasión, o parcialidad. No tienen otro alcance que el de un comentario que no es de necesidad, pero que no está prohibido. Esto en cuanto al tercer señalamiento de error.

El cuarto señalamiento de error, o sea, que la sentencia es contraria a las pruebas y a derecho, se halla resuelto al tratar de los tres anteriores. La sentencia está de acuerdo con los hechos y con la ley.

La sentencia apelada debe *ser modificada* de manera que se declare a los acusados culpables del delito de transportar para ofrecer en venta para el consumo humano, leche adulterada, *y confirmada* en cuanto a las penas impuestas a los acusados.