El PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CÁNDIDO CARIÑO RIVERA, acusado y apelante.

Núm. 13690.—*Sometido:* Marzo 7, 1949. *Resuelto:* Abril 14, 1940.

*Antonio J. Matta,* abogado del apelante; *Hon. Procurador General Vicente Géigel Polanco* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El apelante fué sentenciado por la Corte de Distrito de Humacao, en grado apelativo, a cumplir diez meses de cárcel por el delito de acometimiento y agresión grave. En este recurso alega, como único error, que la sentencia es contraria a la prueba.

En primer término el apelante llama la atención hacia el hecho de que el fiscal de la corte inferior, al preguntar al único testigo de cargo que declaró, en cuanto a la fecha en que ocurrieron los hechos, se refirió al ''20 de octubre de 1948'', mientras que en la denuncia se alegó que ocurrieron el 20 de febrero de 1948. El juicio se estaba celebrando el 11 de mayo de 1948, de manera que es obvio que el fiscal, por negligencia o por una confusión de fechas inexplicable, erró al referirse a una fecha más de cinco meses después de aquélla en que se estaba celebrando el juicio y ocho meses posterior a la alegada en la denuncia. Por otra parte, de la prueba de la defensa aparece que los testigos se refirieron o bien a ''el día a que se refiere la denuncia'' o ''el día que pasó el caso ése'' o ''el día ése'' o ''el día de este incidente''.

ᐣ El fiscal de esta Corte se allana a la revocación de la sentencia basándose en el caso de *Pueblo* v. *Serrano*, 66 D.P.R. 454. Dicho caso no es de aplicación al presente y puede diferenciarse fácilmente. Allí se trataba de una denuncia radicada el 4 de febrero de 1946, en la cual se alegaba que los hechos ocurrieron el 27 de octubre de 1946. No se presentó prueba en el juicio pues el acusado se declaró culpable y resolvimos, citando del Sumario, que:

"Una denuncia que alegue la comisión del delito en ella imputado en fecha posterior a su radicación, no imputa delito alguno."

En el caso de autos, hubo prueba para demostrar que el delito se cometió "en la fecha a que se refiere la denuncia" o sea el 20 de febrero de 1948, fecha ésta anterior a la radicación de la denuncia, la cual, por tanto, imputa el delito de acometimiento y agresión grave, ya que no adolece del defecto que tenía la del caso de *Pueblo* v. *Serrano*, supra.

■ Admite el apelante en su alegato que, dándole crédito a la declaración del testigo de cargo, "posiblemente hubo un acto delictible de acometimiento y agresión grave por parte del acusado apelante al agredir con los puños al Agente de Rentas Internas, Norberto Camacho Morales, pero sostenemos nosotros que ya es tiempo de que este Honorable Tribunal diga en términos fijos, claros y precisos si un Agente de Rentas Internas sin Orden de Allanamiento puede registrar o proceder a allanar un establecimiento donde no se expenden licores ni se tiene licencia para ello."

Como hemos dicho antes, el único error alegado por el apelante en su alegato es el de que la sentencia es contraria a la prueba. En la corte inferior el acusado no planteó cuestión legal alguna en cuanto a que la declaración del único testigo de cargo era inadmisible por el hecho de que se hubiera realizado un registro ilegal del establecimiento del acusado. Tampoco en cuanto a que un Agente de Rentas Internas necesitara una orden de allanamiento para registrar un establecimiento donde no se expenden licores ni se tiene licencia

para ello. Es por primera vez en apelación y atacando la suficiencia de la prueba testifical admitida sin oposición del acusado, que se plantea esta cuestión. Reiteradas veces hemos resuelto que esto no puede hacerse. *El Pueblo* v. *Silva,* 17 D.P.R. 607; *Pueblo* v. *Ramos,* 36 D.P.R. 821; *Pueblo* v. *Miranda,* 56 D.P.R. 601; *Pueblo* v. *Figueroa,* 59 D.P.R. 918; *Pueblo* v. *Pierantoni,* 67 D.P.R. 806.

■ Hemos examinado la transcripción de la evidencia presentada y habiendo dado crédito la corte a la declaración del testigo de cargo, Norberto Camacho Morales, Agente de Rentas Internas, al efecto de que el acusado, con motivo de un registro que llevaban a efecto dicho testigo y otro agente, le arrebató el revólver al primero y le hizo un disparo que lo hirió en el vientre, es suficiente para sostener la sentencia, *la cual debe ser confirmada.*