EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ARMANDO A. MIRANDA, acusado y apelante.

Núm. 8141.—*Sometido:* Abril 25, 1940. *Resuelto:* Abril 26, 1940.

*Armando A. Miranda, pro se; R. A. Gómez, Fiscal, y Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El acusado fué convicto de infracción a una ordenanza municipal que prohibe el estacionamiento de automóviles por más de un minuto en ciertas calles de la ciudad de San Juan. Declaró el denunciante que el automóvil del acusado estuvo estacionado desde las 4:40 hasta las 5:40 de la tarde del día 9 de agosto de 1938. Declaró el acusado que ese día había tenido que asistir a una vista ante este tribunal, donde permaneció desde la 1:30 hasta las 5 de la tarde, y al regresar, detuvo su automóvil en la Calle Allen para llevar a su oficina en la Calle Tanca su toga y varios libros que llevaba; que después de llegar a su oficina y trasladar los efectos indicados, mientras se hallaba en su escritorio firmando el recibo de una notificación y redactando un *affidavit* para un cliente, subió el policía a tomarle las generales para denunciarlo.

Fundamentando su recurso alega el apelante, (*a*) que la corte inferior cometió error al declarar al acusado culpable de infracción a la "Ley de Autos" cuando lo que se le imputaba en la denuncia era la infracción de una ordenanza municipal; (*b*) que incurrió en error la corte al declarar válida la ordenanza que se alega infringida, y (*c*) que constituyó error el tomar conocimiento judicial de una ordenanza aprobada por la Junta de Comisionados de la Capital.

Independientemente del señalamiento de errores, alegó el apelante que la denuncia no aduce hechos constitutivos de delito "porque la ordenanza en controversia no es razonable y porque tiende a convertir en delictiva una situación para la cual no han creado un remedio."

La sentencia que en corte abierta y en presencia del acusado dictó la corte inferior, lo declaró culpable de infracción á la ordenanza municipal número 249. (T. de E., pág. 8.) Fué al registrar la sentencia el Secretario, que cometió el error de expresar que el acusado había sido culpable de infracción a la "Ley de Autos," error que como se ha resuelto reiteradas veces por este tribunal, puede ser subsanado en cualquier momento. *Marvin & Jones, Inc.* v. *Torres,* 19 D.P.R. 48, y *Cintrón* v. *A. Hartman & Co.,* 43 D.P.R. 179, 185, en el último de los cuales se dijo: "Y esos errores clericales pueden corregirse aun después de confirmado el fallo en apelación. (Citas.)"

Este tribunal, por ser materia de conocimiento público, toma conocimiento judicial de que las calles de la ciudad de San Juan son tan sumamente estrechas que del borde de una acera al de la otra no caben más de dos automóviles al mismo tiempo; que la calle Allen es una de las dos calles más importantes y de más movimiento de la ciudad, y que si no se regulara el tránsito de los automóviles y camiones, se haría imposible transitar normalmente por ellas. La ordenanza en cuestión prohibe a un automóvil estacionarse en esa calle por más de un minuto, que es el tiempo que el legislador municipal estimó razonable para entrar o salir del vehículo. Si una ordenanza es o no razonable depende de las circunstancias especiales de cada caso. Una ordenanza que en San Juan puede considerarse razonable, puede no serlo en Nueva York o en cualquier otra ciudad en que las circunstancias sean distintas. Conviene a este efecto reproducir aquí lo dicho en el caso de *City of Chicago* v. *McKinley* (1931) 344 Ill. 297, 176 N.E. 261:

"Sin duda, a menudo sería conveniente para una persona dejar su automóvil junto a la acera por todo el tiempo necesario, mientras cruza la calle para evacuar una diligencia, hacer una compra, dejar un mensaje, concertar una cita, hablar por teléfono o atender o llevar a efecto cualquier otra diligencia en su oficina o en la de otra persona; pero si una persona pudiera hacer esto, las demás tendrían igual derecho, y pronto los lados de las calles estarían ocupados por automóviles estacionados, la calle estaría totalmente ocupada (*crowded*), el tránsito obstruído, y se causaría un gran inconveniente a todos los que tuvieran necesidad de usar la calle para fines legítimos. El derecho de los individuos a estacionar carros en la calle no es de tal naturaleza que no pueda ser regulado por ordenanza. El estacionamiento de vehículos puede ser regulado en cuanto a la hora, sitio y tiempo permitido, teniendo en consideración el carácter del tránsito afectado y las necesidades y conveniencias de los que deseen usar la calle para ir de un sitio a otro, y de aquéllos que la necesiten para el transporte, entrega y envío de mercancías, materiales, combustible y otros productos.

"Está dentro de las facultades del Consejo determinar en qué calles o partes de calles, durante qué horas, y por cuánto tiempo, la limitación del derecho a estacionar automóviles o permitir su estacionamiento es necesario para la debida regulación del tránsito, y no estamos justificados en resolver que las regulaciones contenidas en la ordenanza sean irrazonables, a menos que claramente lo fueran, y en nuestra opinión no lo son."

Debemos agregar que las ordenanzas, como las leyes, no se hacen para casos extremos. Una persona que mude todos sus muebles de una casa a otra, por ejemplo, indudablemente necesitaría mucho más tiempo que el permitido en la ordenanza, pero en tales casos el buen juicio del policía, y en su defecto el del tribunal sentenciador, le indicará que no fué la intención de los autores de la ordenanza aplicarla a situaciones de esa índole y la interpretarán en el sentido de conceder un tiempo razonable para llevar a efecto el trabajo de acuerdo con las circunstancias del caso.

■■ En el alegato del apelante se sostiene además que la ordenanza no fué debidamente promulgada. Esa cuestión no fué suscitada en la corte inferior ni la probó el acu-

sado como hubiera sido su deber. *Pueblo* v. *Solís,* ante, pág. 284. Por consiguiente, estamos relevados de considerarla.

 Tampoco tiene razón el apelante cuando sostiene que la Corte de Distrito de San Juan, actuando, como en este caso, en grado de apelación, no puede tomar conocimiento judicial de las ordenanzas que rigen en la ciudad de San Juan. *Pueblo* v. *Solís,* supra.

La excepción perentoria a la denuncia está predicada en la supuesta nulidad de la ordenanza, cuestión que ha sido anteriormente discutida en esta opinión, por lo que es innecesario volver a considerarla.

*Procede por lo expuesto desestimar el recurso y confirmar la sentencia apelada.*