EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* NICOMEDES FIGUEROA, acusado y apelante.

Núm. 8964.—*Sometido:* Febrero 4, 1942. *Resuelto:* Febrero 17, 1942.

*J. A. Surís Agrait,* abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El acusado fué convicto de una infracción a la sección 4 de la ley núm. 25, Leyes de Puerto Rico de 1935, Sesión Extraordinaria, conocida como Ley de Bolita o *Boli-Pool.* Fué sentenciado a pagar una multa de $150 o a cumplir tres meses de cárcel. Apeló para ante este tribunal señalando cuatro errores. Alega que la corte de distrito erró al admitir en evidencia 8,602 "tickets" de boli-pool, al declarar sin lugar su moción de *nonsuit,* al admitir en evidencia los referidos tickets de boli-pool toda vez que fueron obtenidos mediante un registro ilegal, y al dar crédito a la prueba del Pueblo y no dar crédito a la prueba del acusado.

Todos los errores señalados por el acusado son enteramente frívolos. El récord demuestra que en ningún momento durante el juicio el acusado objetó a que se admitieran en evidencia los 8,602 tickets de boli-pool. Como se dijo en *Pueblo v. Silva,* 17 D.P.R. 607, "cuando un acusado permite la presentación de una prueba que pudiera ser excluída si se hiciera la debida objeción, no puede permitírsele que objete dicha prueba por primera vez en el tribunal de apelación". Al mismo efecto, *Pueblo v. Ramos,* 36 D.P.R. 821, *Pueblo v. Miranda,* 56 D.P.R. 601.

El acusado se queja de que la corte inferior erró al declarar sin lugar la moción de nonsuit. Pero después que la corte tomó esta acción, el acusado prosiguió con su prueba. Esta corte ha resuelto que "cuando un acusado al cual se le ha desestimado una moción de nonsuit, introduce su prueba, este paso equivale a una renuncia de su moción, ya que la regla es idéntica en casos civiles y criminales." *Pueblo v. Ojeda,* 26 D.P.R. 438.

■ El alegado error referente al registro ilegal tampoco tiene mérito. A menos que el acusado sea cogido por sorpresa al presentarse evidencia en el juicio, una moción que ataca la validez de una orden de allanamiento y que solicita se elimine evidencia obtenida de este modo, debe ser radicada antes del juicio. *Pueblo* v. *Capriles,* 58 D.P.R. 548. Lejos de radicar dicha moción antes del juicio, el acusado, como ya se ha indicado, ni siquiera objetó durante el juicio mismo la admisión en evidencia de los objetos que se alega fueron ocupados. Más aún, la evidencia demuestra que en este caso no está envuelta orden de allanamiento alguna. El testimonio era que la policía, sospechando que el acusado operaba una banca de boli-pool, estaba vigilando su casa. Cuando el acusado salió de su casa fué hacia una pieza de caña contigua y recogió una lata. Cuando vió que la policía se le acercaba, soltó la lata y corrió hacia su casa. La policía examinó la lata y encontró dentro de ella los tickets de boli-pool presentados en evidencia en este caso. A pesar de que la policía tenía en su poder una orden de allanamiento para registrar la casa del acusado, ésta nunca se ejecutó, y por tanto la cuestión de su validez no está envuelta en este caso.

■ Un examen del récord revela prueba suficiente para justificar la sentencia de culpabilidad dictada por la corte inferior. Además del episodio ya descrito en relación con la lata de tickets de boli-pool, dos mujeres testificaron en cuanto a la conexión del acusado con operaciones de boli-pool. Una de las mujeres también declaró que el acusado le había pagado $25 como un premio de boli-pool. La prueba del acusado consistió de tres testigos que esencialmente declararon que habían visto a los policías en la pieza de caña con la lata, pero que ellos no vieron al acusado en aquel sitio a dicha hora. El acusado ocupó la silla testifical y negó toda conexión con banca de boli-pool alguna. La corte inferior decidió dar crédito al testimonio de los testigos del Pueblo de Puerto Rico. En ausencia de alguna demostración de que

hubo pasión, prejuicio o parcialidad por parte de la corte inferior, su sentencia debe ser confirmada. *Pueblo* v. *Báez*, 37 D.P.R. 719, *Pueblo* v. *Ortiz*, 56 D.P.R. 27.

*Debe confirmarse la sentencia de la corte inferior.*