EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
FELIPE VÁZQUEZ ROSARIO, acusado y apelante.

Números 15296–15297.

*Sometido:* 2 de febrero de 1952. *Resuelto:* 16 de junio de 1953.

*Guillermo S. Pierluisi* y *Ramón R. Cabrera,* abogados del ape-
lante; *Hon. Secretario de Justicia José Trías Monge (Juan
B. Fernández Badillo, Secretario de Justicia Interino,* en el
alegato) y *J. Rivera Barreras, Fiscal del Tribunal Supremo,*
abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SIFRE emitió la opinión del tri-
bunal.

Felipe Vázquez Rosario fué acusado ante el extinto Tri-
bunal de Distrito de Puerto Rico, Sección de Ponce, por el
delito de asesinato en segundo grado. El jurado que lo juzgó
trajo un veredicto declarándole culpable de homicidio volun-
tario. El acusado presentó moción solicitando que se anu-
lara el veredicto y se le concediera un nuevo juicio, solicitud
que fué denegada. El referido tribunal le sentenció a la
pena de uno a tres años de presidio. También le declaró
culpable de portar armas, condenándole a seis meses de cár-
cel. Apeló el acusado de la resolución denegando la solici-
tud de nuevo juicio, de la sentencia por el delito de homicidio,
así como de la que fué dictada en el proceso por el delito de
portar armas.

Nos pide que revoquemos la que le fuera impuesta por
homicidio, y que le absolvamos libremente u ordenemos la
celebración de un nuevo juicio, sosteniendo que el tribunal
a quo erró: (1), al aceptar una estipulación presentada por
el ministerio público y por el abogado del apelante antes de
haberse constituído el jurado, y por tanto, en ausencia de
éste, acerca de lo que declararía cierto testigo de comparecer
a dar testimonio, (2), al instruir al jurado sobre inferencias
que podrían derivarse de manifestaciones del Fiscal y del
abogado del apelante, sobre una declaración en poder del pri-
mero, prestada por un testigo que no fué llamado a declarar
en el juicio, (3), al decir al jurado, refiriéndose la corte a

las manifestaciones del Fiscal y del abogado defensor sobre la mencionada declaración, "que olviden este incidente, que desgraciadamente hubo que discutirlo en presencia de los señores del jurado", (4), al ordenar al apelante, mientras declaraba como testigo, "que no hiciera la historia completa de su caso y que se limitase exclusivamente a contestar las preguntas", (5), al permitir que el Fiscal preguntara al apelante sobre la comisión de otros delitos, (6), al no instruir al jurado que debía "borrar de sus mentes la prueba de otros delitos del acusado, prueba ésta que se obtuvo mediante el interrogatorio del Fiscal". (¹)

■■ No tiene razón el apelante en cuanto al primer señalamiento de error. Después de haberse llamado para juicio el caso por asesinato en segundo grado y haber informado las partes que estaban listas, y antes de que fuera constituído el jurado, el Fiscal y el abogado del apelante, en presencia de este último, estipularon que de comparecer a testificar el Dr. Héctor Hoyos Napoleoni, declararía lo mismo que había hecho constar en una certificación expedida por él de la autopsia practicada en el cadáver de Ángel García Burgos; que éste había fallecido como consecuencia de una herida de bala, ocasionada por el apelante. (²)

Constituído el jurado, el Fiscal, basándose en lo que se había estipulado, presentó en evidencia con la conformidad del abogado del apelante, la certificación de la autopsia, en sustitución de la declaración del Dr. Hoyos. El tribunal a quo admitió el documento, expresándose así:

"La Corte, por estipulación de las partes, la que aprueba, admite el certificado de autopsia, expedido por el Dr. Héctor Hoyos Napoleoni, a los efectos de que de venir el doctor, declararía exactamente igual que lo consignado por él en el certificado de autopsia. Se ordena a la secretaria leer en este mo-

(¹).En el caso de portar armas no se radicó alegato, y en el presentado en· este recurso impugnando la sentencia por homicidio, no se hace referencia alguna a dicho caso.

(²)Al apelante se le procesó y sentenció por haber dado muerte a Ángel García Burgos.

mento a los señores del jurado, el contenido de ese certificado de autopsia, y se marca *exhibit* uno del Pueblo."

Estipularon de nuevo el Fiscal y el abogado del apelante, que éste había dado muerte a García Burgos y el tribunal también aprobó esta estipulación.

De lo que se queja el apelante, como se habrá visto, es de que la primitiva estipulación fué convenida antes de que se constituyera el jurado. No cita precedente alguno en apoyo de su contención. Su abogado tenía autoridad para convenir en la estipulación. *Pueblo* v. *Vargas*, 74 D.P.R. 144; *People* v. *Wilson*, 78 C.A. 2d 108; *People* v. *Cohen*, 94 C. A. 2d 451; *Fukunaga* v. *Territory of Hawaii*, 33 F. 2d 396, y no puede quejarse ante nos de que su defensor hiciera uso de esa autoridad. *People* v. *Wilson*, supra. El que dicha estipulación fuera concertada antes de constituirse el jurado no tiene importancia, si éste al fin tuvo conocimiento de la misma y del contenido de la certificación que se admitió en sustitución de la declaración del Dr. Hoyos. No solamente tuvo el jurado ese conocimiento, y ante sí, para los efectos de su deliberación, la certificación de la autopsia, sino que todo cuanto había sido convenido entre el Fiscal y el abogado del apelante antes de constituirse el jurado, fué ampliamente reiterado y ratificado por ambas partes en su presencia.

■ No incurrió el tribunal a quo en los errores que se le atribuyen en los señalamientos segundo y tercero. En los momentos en que el Fiscal interrogaba a cierto testigo, y al hacer referencia a otro de apodo, "El Forro", le interrumpió el abogado del apelante diciendo que el Fiscal tenía la declaración prestada por aquél, a lo que el Fiscal le contestó diciendo que no debía "hacer imputaciones porque yo no tengo esa declaración ahí". El abogado defensor manifestó entonces que "El Forro" había declarado ante el juez, y el tribunal a quo hizo la siguiente observación: "No deben hacer las partes esas manifestaciones delante del jurado".

Hubo un intercambio de palabras entre el Fiscal y el abogado del apelante, quedando cerrado el incidente con las siguientes manifestaciones de dicho tribunal:

"La Corte intervino por esas manifestaciones hechas ante el jurado. Cuando las partes quieran hacer manifestaciones, pidan permiso a la Corte, para que se retire el jurado, porque podría inferirse de esas manifestaciones que el Pueblo, teniendo esa declaración, sin embargo, no puso a este testigo como testigo del Pueblo, y se podría inferir que la declaración fué suprimida, porque sería adversa al Pueblo de Puerto Rico, y estando los señores del jurado presentes creo que no es procedente hacer manifestaciones de esa naturaleza en presencia del jurado; sino que se debe discutir en ausencia del jurado, para determinar si un testigo aparece como testigo del Pueblo o no aparece. La Corte instruye a los señores del jurado que olviden este incidente, que desgraciadamente hubo que discutirlo en presencia de los señores del jurado."

Tales manifestaciones no pudieron lesionar los derechos del apelante. De haber sido perjudicial, lo hubiera sido para el apelado.

 Pasamos al cuarto señalamiento de error. Se queja el apelante de que el tribunal sentenciador le ordenó, cuando declaró en el juicio, que no hiciera la historia completa de su caso y que se limitase a contestar las preguntas. Arguye que ello coartó su derecho a declarar y que "le afectó ante el Jurado", causando en éste una impresión desfavorable "con respecto a la forma en que el acusado exponía su caso". Tampoco tiene razón el apelante. Ocupó la silla testifical y expuso todos los pormenores del caso al ser interrogado por su abogado y contrainterrogado por el Fiscal. Al éste hacerle cierta pregunta, el apelante repitió parte de lo que ya había declarado y la corte hizo la siguiente observación, "Que no haga la historia completa y no repita. No haga el relato completo. Limítese exclusivamente a contestar la pregunta. Estamos tratando de evitar la prolongación de este caso". Estamos convencidos de que tales manifestaciones no coartaron el derecho del apelante a declarar y que no pudieron

causar en el jurado impresión desfavorable al apelante. La conclusión a que hemos llegado con respecto a este señalamiento de error está sostenida por nuestra decisión en *Pueblo* v. *Román*, 42 D.P.R. 642, 645.

En los dos últimos señalamientos, quinto y sexto, se sostiene que el tribunal a quo erró al permitir que el Fiscal interrogara al apelante sobre la comisión de otros delitos, y al no instruir al jurado al efecto de que debía olvidar lo declarado por aquél sobre ese extremo. No puede quejarse el apelante. Sostuvo la teoría de que había dado muerte a García Burgos en defensa propia. Declaró como testigo, y al ser contrainterrogado por el Fiscal, éste le preguntó si había sido convicto de algún delito, oponiéndose su abogado. A tal oposición contestó el representante del ministerio público, diciendo que se trataba de un caso en el que se alegaba defensa propia. Sin esperar la resolución del tribunal sobre la objeción que había formulado, el abogado del apelante manifestó que la retiraba, y permitió que el Fiscal continuara con su contrainterrogatorio, y que el apelante lo contestara. En ningún momento solicitó del tribunal a quo que instruyera al jurado al efecto de que debía olvidar lo declarado por el apelante sobre su récord penal, materia acerca de la cual fué interrogado por su propio abogado en el examen redirecto.

En vista de esas circunstancias, no creemos que debamos entrar a considerar los méritos de los errores que atribuye el apelante al tribunal sentenciador. Hemos resuelto que "cuando un acusado permite la presentación de una prueba que pudiera ser excluída si se hiciera la debida objeción, no puede permitírsele que objete dicha prueba por primera vez en el tribunal de apelación". *Pueblo* v. *Silva*, 17 D.P.R. 607; *Pueblo* v. *Ramos*, 36 D.P.R. 821; *Pueblo* v. *Miranda*, 56 D.P.R. 601; *Pueblo* v. *Figueroa*, 59 D.P.R. 918; *Pueblo* v. *Pierantoni*, 67 D.P.R. 806; *Pueblo* v. *Cariño*, 69 D.P.R. 864. También hemos dicho que "Es deber de todo abogado, ilustrar e informar a la corte de alguna violación o falta

de cumplimiento de las leyes en que la corte incurra, . . .", y que, "No debe el acusado permanecer callado y esperar hasta la terminación del juicio para luego en apelación, si el veredicto le es adverso, señalar este incumplimiento . . . como un error". *Pueblo* v. *Arroyo*, 67 D.P.R. 36. No existe razón para que dejemos de darle efectividad a esa doctrina en el caso de autos.

No se ha presentado a nuestra consideración ninguna razón o motivo para que revoquemos la sentencia que le fuera impuesta al apelante por el delito de portar armas.

*En virtud de lo expuesto, la resolución negando el nuevo juicio, y las sentencias por homicidio voluntario y por el delito de portar armas, deberán ser confirmadas.*