EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ROBERTO MIRANDA MATTA, acusado y apelante.

*Números:* CR-62-402, CR-62-403     *Resueltos:* 27 de junio de 1963

---

*Nota del Compilador: La sentencia en este caso expresa en parte: "El Juez Asociado Sr. Blanco Lugo concurre en el resultado."

*Arcilio Alvarado,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Carlota Capó, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

PER CURIAM: El acusado apelante, Roberto Miranda Matta, fue acusado y convicto del delito de escalamiento en primer

grado y del delito de posesión de armas y fue sentenciado a una pena indeterminada de 3 a 10 años de presidio por el primero y a un año de cárcel por el segundo delito.

En apelación apunta tres errores, a saber:

■ 1. Que la acusación en el caso de escalamiento en primer grado no aduce hechos suficientes para imputar la comisión del delito porque la frase "establecimiento comercial" usada en la acusación no está incluida en el Art. 408 del Código Penal—33 L.P.R.A. sec. 1591. No se incurrió en este error. En *Pueblo* v. *Oliveros*, 36 D.P.R. 510, 512 (1927), dijimos que "establecimiento mercantil" es equivalente a *tienda* o, en su caso, a *almacén*, y por lo tanto el acusado no pudo ser inducido a error para preparar su defensa. Aunque es más juicioso usar las palabras señaladas en el estatuto, por las razones indicadas en *Oliveros*, supra, es permisible el uso en la acusación de la frase "establecimiento comercial" con referencia a la *"tienda"* relacionada con el delito en este caso.

2. Que erró el tribunal de instancia al no declarar con lugar la moción de absolución perentoria en el caso de posesión de armas, basada dicha moción en la insuficiencia de la prueba.

■ El acusado apelante renunció a esta cuestión al ofrecer prueba luego de declarada sin lugar la referida moción. *Pueblo* v. *Díaz*, 69 D.P.R. 621 (1949); *Pueblo* v. *Figueroa*, 59 D.P.R. 918 (1942); *Pueblo* v. *Berenguer*, 59 D.P.R. 81 (1941). Dicho acusado apelante parece alegar que no hubo durante el juicio evidencia suficiente del *corpus delicti* en el caso de posesión de armas, independientemente de la confesión extrajudicial del acusado apelante que fue presentada en evidencia. En *Pueblo* v. *Hernández*, 75 D.P.R. 907 (1954), adoptamos la regla de que la confesión de un acusado debe ser corroborada mediante prueba *aliunde* que tienda a establecer el *corpus delicti*. Este requisito se cumplió a cabalidad en este caso, pues la testigo Fernanda Reyes Quiñones, dueña de la tienda escalada, aunque en una parte de su interrogatorio

por la defensa declaró que el acusado le disparó pero que no sabía si era un revólver o pistola, un petardo o un cañón, en repetidas ocasiones durante su interrogatorio por el fiscal, así como por la defensa, categóricamente afirmó que el acusado llevaba un revólver en la mano derecha con el que le disparó. Esto conjuntamente con la confesión del acusado apelante admitida en evidencia justificaba condenar al acusado por el delito de posesión de armas.

3. Que el juez sentenciador instruyó al jurado en ocasión de cada receso al efecto de que no formara opinión sobre la inocencia o culpabilidad del acusado hasta tanto el caso le fuera definitivamente sometido para su consideración.

■ Admite el acusado que tales instrucciones están justificadas bajo las disposiciones del Art. 261 del Código de Enjuiciamiento Criminal—34 L.P.R.A. sec. 740—pero, alega que violan su derecho a un debido proceso de ley ya que "equivalió a decirles a los jurados que, durante el juicio, se constituyeran en máquinas receptoras de las palabras que oían de los labios de los testigos, sin que pudieran adoptar la actitud mental de juzgadores, la cual necesariamente debe ser no solamente receptiva, sino analítica y aquilatadora", entendiendo el acusado apelante, además, "que el art. 261 es inconstitucional porque tal interpretación y aplicación del mismo equivale a privar al acusado del debido proceso de ley". No tiene razón el acusado apelante. Lejos de privar al acusado del debido proceso de ley, la regla en cuestión tiene por propósito asegurarle al acusado un juicio imparcial ante jurados que no tengan sus mentes prevenidas. Se exige este tipo de advertencia en muchas otras jurisdicciones por disposición estatutaria en lenguaje similar al referido Art. 261 y el mismo se incluyó bajo la Sec. 319 del Código de Enjuiciamiento Criminal del American Law Institute (Part B. Commentary to Section 319, Code of Criminal Procedure with Commentaries, American Law Institute, 1930, página 959).

*Por las razones expuestas, se confirmará la sentencia.*