# 97 DTA 175

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL VI, CAGUAS, HUMACAO Y GUAYAMA**
**PANEL II**

EL PUEBLO DE PUERTO RICO
Apelado

v.

GREMARIE RIVERA FLORES
Acusada-Apelante

Núm. KLAN-96-01034

San Juan, Puerto Rico, a 5 de agosto de 1997

Panel integrado por su Presidente, Juez González Román
y los Jueces González Rivera y Ortiz Carrión

Ortiz Carrión, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La ciudadana Gremarie Rivera Flores apela una sentencia dictada por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Guayama, en la que se le impuso una multa de doscientos cincuenta dólares ($250.00), más costas, por infracción a la sección 16-102 de la Ley Núm. 141 de 20 de julio de 1960, según enmendada, conocida como la Ley de Vehículos y Tránsito de Puerto Rico, 9 L.P.R.A. sec. 1872.

La apelante alega que el tribunal apelado erró al declararla culpable sin que la prueba de cargo presentada por el Ministerio Público la identificara como la persona que conducía el vehículo de motor que ocasionó el accidente por el cual se le denunció. Sostiene, además, que el tribunal apelado erró al determinar que el Ministerio Público probó su culpabilidad más allá de duda razonable a pesar de que no probó todos los hechos que se le imputaron en la denuncia.

Antes de dilucidar las cuestiones planteadas, procedemos a hacer una breve relación de los antecedentes procesales y de la prueba presentada, según surgen del legajo en apelación.

### I

El 4 de junio de 1996, a las 9:30 a.m., en la Carretera 755, Km. 1 de Arroyo a Patillas, ocurrió un accidente al chocar el vehículo de la apelante con el del señor Angel L. Velázquez Ortiz.

A raíz de ese accidente se presentó una denuncia contra la apelante por infracción a la Sección 5-201 de la Ley de Vehículos y Tránsito, por la alegada conducción de un vehículo con imprudencia o negligencia temeraria, 9 L.P.R.A. sec. 871.

El 8 de agosto de 1996 se celebró un juicio, durante el cual el Ministerio Público presentó el testimonio del señor Velázquez Ortiz, conductor de uno de los vehículos accidentados, y del policía Víctor M. Crespo de Alba, encargado de la investigación del accidente. Por otra parte, se presentaron en evidencia varias fotografías del lugar del accidente y copia fiel y exacta del expediente clínico del señor Velázquez Ortiz, ante alegaciones de la apelante de que estaba incapacitado para conducir por haberle sido operado un hombro unas tres semanas antes del accidente.

Terminada la prueba de cargo, la defensa presentó Moción de Absolución Perentoria alegando que ninguno de los testigos de cargo identificó a la apelante como la persona que conducía uno de los vehículos accidentados. El tribunal recurrido declaró sin lugar esa moción, y la defensa entonces presentó su prueba, consistente en el testimonio de la apelante Rivera Flores, la cual ofreció su versión del accidente.

Luego de evaluar toda la prueba testifical y documental, el tribunal apelado dictó sentencia condenatoria por un delito menor incluido en el imputado, establecido en la sección 16-102 de la Ley de Vehículos y Tránsito de Puerto Rico. En su sentencia el tribunal apelado no aludió a la sección específica de la ley que tipifica la falta administrativa por la cual condenó a la apelante. Sin embargo, estableció que la falta administrativa incurrida fue la de invasión de carril, tipificada en la sección 5-305, 9 L.P.R.A. 896 (a).

Esta es la sentencia de la cual se apela.

### II

En las circunstancias del caso de autos, el señalamiento de la apelante de que el tribunal recurrido erró al declararla culpable sin que la prueba de cargo la identificara como la persona que conducía el vehículo que ocasionó el accidente carece de validez.

El primer párrafo de la Regla 135 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, sobre absolución perentoria, establece que "...*el tribunal a instancia propia o a instancia de un acusado decretará su absolución perentoria en uno o varios cargos de la acusación o denuncia luego de practicada la prueba de una o de ambas partes si la misma fuere insuficiente para sostener una convicción por ese cargo o cargos*".

En *Pueblo v. Delgado Ramírez*, **91 J.T.S. 63**, a la pág. 8758, citando a *Pueblo v. Delgado*, 88 D.P.R. 822 (1963), se señala que el Tribunal Supremo de Puerto Rico ha resuelto en repetidas ocasiones que *"una moción de absolución perentoria se tiene por renunciada cuando el acusado, luego de ser declarada sin lugar, aduce prueba en apoyo de su defensa"*. El profesor Chiesa, en *Derecho Procesal Penal de Puerto Rico y Estados Unidos,* Colombia, Equity, Vol. III, 1993, pág. 412, señala que *"esto parece indicar que declarada sin lugar la moción de absolución perentoria presentada luego de terminada la prueba de cargo, el acusado sólo puede intentar revisar la resolución denegatoria de la absolución mediante certiorari, o renunciar al planteamiento presentando la prueba de defensa"*. (Enfasis suplido.)

En el caso de autos la apelante optó por presentar prueba en su defensa durante el juicio y admitir, a preguntas de su abogado defensor, que poseía uno de los vehículos accidentados y que el día de los hechos conducía dicho vehículo por la carretera en la cual ocurrió el accidente. Por lo tanto, de la Exposición Estipulada de la Prueba no surge que se cometiera el error señalado, toda vez que en la prueba presentada ante el tribunal apelado se identificó a la apelante como la persona que conducía uno de los vehículos involucrados en el accidente por el cual se le procesó.

Por otro lado, el señalamiento de la apelante al efecto de que el tribunal apelado erró al determinar que el Ministerio Público probó su culpabilidad más allá de duda razonable a pesar de no haber probado lo imputado en la denuncia, carece igualmente de validez. Si bien es cierto que el Ministerio Público no probó la infracción a la sección 5-201 de la Ley de Vehículos y Tránsito, sobre conducción imprudente o negligencia temeraria imputada en la denuncia, sí probó la invasión de carril opuesto de la sección 5-305, 9 L.P.R.A. sec. 896(a), que establece que *"los vehículos que transiten en direcciones opuestas se cruzarán por sus derechas respectivas y se cederán mutuamente la mitad del camino en aquellas vías públicas cuya zona de rodaje tenga solamente espacio para una sola línea de vehículos en cada dirección"*. La invasión del carril opuesto de la sección 5-305 constituye un delito menor incluido en el de imprudencia o negligencia al conducir. La sección 16-101, 9 L.P.R.A. sec. 1871 (23), dispone que dicha invasión de carril constituye una falta administrativa, la cual, de conformidad con la sección 16-102, *supra*, se convertirá en delito menos grave y será *"punible con multa o cárcel que no excederá de $250.00 de multa ó 30 días de cárcel, o ambas penas, a discreción del tribunal..."*.

La Regla 146 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, permite emitir un fallo con respecto a un delito menor incluido en el delito imputado sobre el cual haya desfilado prueba en el juicio. En repetidas ocasiones, el Tribunal Supremo de Puerto Rico ha establecido que para que pueda emitirse fallo o veredicto por un delito menor incluido en el imputado" *los hechos expuestos para describir la comisión del delito mayor deben contener las alegaciones que son esenciales para constituir una imputación por el menor. Si el delito mayor incluye todos los elementos de hechos y los requeridos por la ley en relación con el menor, el mayor incluye al menor; pero si el delito menor requiere otro elemento indispensable que no es parte del delito mayor, entonces el menor no está comprendido en el mayor. La prueba para determinar si un delito está incluido en otro es determinar si no se puede cometer el primer delito sin que necesariamente se cometa el segundo"*. En el caso de autos la invasión de carril por la cual se declaró culpable a la apelante está incluida en el delito mayor de conducir con imprudencia o negligencia temeraria que le fue imputado en la denuncia.

Por otro lado, el Tribunal Supremo de Puerto Rico ha expresado que el concepto de duda razonable *"no quiere decir que toda duda posible tenga que ser destruida y que la culpabilidad del acusado tenga que establecerse con certeza matemática, sino que la evidencia establezca aquella certeza moral que convence, dirige la inteligencia y satisface la razón. Duda razonable es una duda fundada, producto del raciocinio de todos los elementos del juicio envueltos en el caso. No debe, pues, ser una duda especulativa o imaginaria"*. *Pueblo v. Pagán Santiago*, **92 J.T.S. 56**, pág. 9480, citando a *Pueblo v. Bigio Pastrana*, 116 D.P.R. 748, 761 (1985).

En el caso de autos, el juzgador de los hechos, que es quien está en mejor posición de analizar la evidencia por haberla visto y oído, halló culpable a la apelante por la Sección 16-102 de la referida ley. Nada hay en el dictamen del foro apelado ni en los planteamientos de la apelante que indique que el tribunal *a quo* actuó con pasión, prejuicio o parcialidad o que exista error manifiesto. Es norma reiterada que en ausencia de esas circunstancias no se intervendrá con la apreciación de la prueba que

haga el juzgador de los hechos. *Pueblo v. Maisonave Rodríguez,* **91 J.T.S. 67**, pág. 8838; *Pueblo v. Rivera Robles,* 121 D.P.R. 858 (1988); *Pueblo v. Rivero, Lugo y Almodóvar,* 121 D.P.R. 454, 473 (1988); *Pueblo v. Cabán Torres,* 117 D.P.R. 645 (1986).

Por los fundamentos expuestos, se confirma la sentencia apelada.

Así lo ordena y manda este tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General